COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
09 MAY 2022 04:47 pm
G. IMPERATO

| | |
|---|---|
| NAIM ZIYAD CORBITT<br>　　　　Plaintiff<br><br>v.<br><br>ALVIN C. ERVIN II and CRETE CARRIER<br>CORPORATION and ABC COMPANIES and<br>JOHN DOES and/ or JANE DOES<br>　　　　Defendants | : APRIL TERM, 2022<br>:<br>: NO. 00005<br>:<br>: CIVIL ACTION – LAW<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## NOTICE

TO:   Naim Ziyad Corbitt
　　　c/o David B. Sherman, Esquire
　　　Lauren Sherman, Esquire
　　　Solomon, Sherman & Gabay
　　　8 Penn Center
　　　1628 John F Kennedy Blvd, Suite 2200
　　　Philadelphia, PA 19103

　　　YOU ARE REQUIRED to plead to the within Answer with New Matter within 20 days of service hereof or a default judgment may be entered against you.

Respectfully Submitted,

**MARCELLO & KIVISTO, LLC**

Date: 5-9-22           By: *Tiffany Peters*
　　　　　　　　　　　　Douglas B. Marcello, Esq. (I.D. No. 36510)
　　　　　　　　　　　　Tiffany Peters, Esq. (I.D. No. 318876)
　　　　　　　　　　　　**Marcello & Kivisto, LLC**
　　　　　　　　　　　　1200 Walnut Bottom Road
　　　　　　　　　　　　Third Floor, Suite 331
　　　　　　　　　　　　Carlisle, PA 17015
　　　　　　　　　　　　T: (717) 240-4686
　　　　　　　　　　　　F: (717) 258-4686
　　　　　　　　　　　　Attorneys for Defendants

Case ID: 220400005

Douglas B. Marcello
dmarcello@cdl-law.com
Attorney ID 36510
**Marcello & Kivisto, LLC**
1200 Walnut Bottom Road
Third Floor, Suite 331
Carlisle, PA 17015
(717)240-4686

---

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| NAIM ZIYAD CORBITT<br>Plaintiff<br><br>v.<br><br>ALVIN C. ERVIN II and CRETE CARRIER CORPORATION and ABC COMPANIES and JOHN DOES and/ or JANE DOES<br>Defendants | : APRIL TERM, 2022<br>:<br>: NO. 00005<br>:<br>: CIVIL ACTION – LAW<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

---

### DEFENDANTS ALVIN C. ERVIN II'S AND CRETE CARRIER CORPORATION'S ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT

1. Denied. Answering Defendants are without information or belief as to the truth of the averments of this paragraph; hence, they are denied. Proof is demanded at the time of trial.

2. Admitted.

3. Admitted in part and denied in part. It is admitted that Defendant Crete Carrier Corporation is a business entity. It is further admitted that Defendant Crete Carrier Corporation owned the subject motor vehicle. The remaining averments of this paragraph are denied as stated and specifically denied. By way of further response, Defendant Crete Carrier Corporation is incorporated in Nebraska with a principal place of business in Nebraska.

4. Denied. The averments of this paragraph are directed to a party other than Answering Defendants. As such, no responsive pleading is required. To the extent a response is

deemed required, Answering Defendants are without information or belief as to the truth of the averments. Hence, they are denied, and proof is demanded at the time of trial.

     5.     Denied. The averments of this paragraph are directed to a party other than Answering Defendants. As such, no responsive pleading is required. To the extent a response is deemed required, Answering Defendants are without information or belief as to the truth of the averments. Hence, they are denied, and proof is demanded at the time of trial.

     6.     Admitted in part and denied in part. It is admitted that Defendant Alvin C. Ervin II was operating a motor vehicle owned by Defendant Crete Carrier Corporation on or about August 13, 2020 on I-76 in Philadelphia. It is denied that the facts and circumstances thereinafter occurred as alleged in Plaintiff's Complaint. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

     7.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

     8.     Admitted in part and denied in part. It is admitted that Defendant Alvin C. Ervin II was operating a motor vehicle owned by Defendant Crete Carrier Corporation. It is denied that the facts and circumstances occurred as alleged in Plaintiff's Complaint.

     9.     Admitted. It is admitted that Defendant Alvin C. Ervin II was operating a motor vehicle owned by Defendant Crete Carrier Corporation as an employee of Defendant Crete Carrier Corporation.

10. Denied. It is denied that the facts and circumstances occurred as alleged in Plaintiff's Complaint. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

## Count I

11. The preceding paragraphs are incorporated herein by reference.

12. Denied. To the extent the averments of this paragraph are directed to a party other than Answering Defendants, no responsive pleading is required. To the extent the allegations in this paragraph are directed to Answering Defendants, it is denied that the facts and circumstances occurred as alleged in Plaintiff's Complaint. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

13. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

14. Denied. The averments of this paragraph and its subparagraphs (a) through (m) are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

15. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

16. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

17. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

18. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

WHEREFORE, Answering Defendants request this Honorable Court enter judgment in their favor and against Plaintiff.

## Count II

19. The preceding paragraphs are incorporated herein by reference.

20. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

21. Admitted in part and denied in part. It is admitted that Defendant Alvin C. Ervin II was operating a motor vehicle with the permission of Defendant Crete Carrier Corporation. It is denied that the facts and circumstances occurred as alleged in Plaintiff's Complaint.

22. Denied. The averments of this paragraph and its subparagraphs (a) through (f) are denied as conclusions of law to which no responsive pleading is required. The averments are further denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

23. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

Case ID: 220400005

24. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

25. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

26. Denied. The averments of this paragraph are denied as stated, specifically denied, and denied pursuant to Pa.R.Civ.P. 1029(e). Proof is demanded at the time of trial.

WHEREFORE, Answering Defendants request this Honorable Court enter judgment in their favor and against Plaintiff.

## NEW MATTER

27. Some or all of Plaintiff's claims may be barred or reduced by the provisions of the Pennsylvania Financial Responsibility Law and/or applicable PIP law.

28. Some or all of Plaintiff's claims may be barred by the applicable Statute of Limitations.

29. Some or all of Plaintiff's claims may be barred or reduced by Plaintiff's contributory and/or comparative negligence.

30. Answering Defendants are not responsible for any harm which may have been caused by acts or omissions of third parties for whom they are not responsible and over whom they have no control.

31. The accident was caused by the acts, omissions, negligence, and/or carelessness of Plaintiff.

32. Answering Defendants are not responsible for any harm allegedly caused due to the sudden emergency doctrine.

33. Some or all of Plaintiff's claims may be barred by the doctrines of accord and satisfaction.

34. Some or all of Plaintiff's claims may be barred by payment and release.

35. Some or all of Plaintiff's claims may be barred by res judicata and/or collateral estoppel.

36. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

37. Plaintiff's recovery may be barred and/or reduced to the extent of Plaintiff's failure to mitigate damages.

38. Some or all of the damages alleged in Plaintiff's Complaint may not arise out of the incident alleged in the Complaint, and, therefore, a cause of action does not exist.

39. Plaintiff's claims may be barred or limited by the Patient Protection and Affordable Care Act.

40. Plaintiff's claim may be barred or limited by Plaintiff's election of the limited tort option.

41. Defendants reserve the right to assert at the time of trial any and all affirmative defenses revealed through discovery.

Case ID: 220400005

WHEREFORE, Answering Defendants request that this Honorable Court enter judgment in their favor.

Respectfully Submitted,

**MARCELLO & KIVISTO, LLC**

Date: 5-9-22

By: *(signature)*
Douglas B. Marcello, Esq. (I.D. No. 36510)
Tiffany Peters, Esq. (I.D. No. 318876)
**Marcello & Kivisto, LLC**
1200 Walnut Bottom Road
Third Floor, Suite 331
Carlisle, PA 17015
T: (717) 240-4686
F: (717) 258-4686
Attorneys for Defendants

Case ID: 220400005

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| NAIM ZIYAD CORBITT<br>Plaintiff<br><br>v.<br><br>ALVIN C. ERVIN II and CRETE CARRIER CORPORATION and ABC COMPANIES and JOHN DOES and/ or JANE DOES<br>Defendants | : APRIL TERM, 2022<br>:<br>: NO. 00005<br>:<br>: CIVIL ACTION – LAW<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

### ATTORNEY VERIFICATION

I, Tiffany Peters, Esq., counsel for Defendants Alvin C. Ervin II and Crete Carrier Corporation hereby verify that the averments made in the attached Answer with New Matter are true and correct to the best of my information, knowledge and belief based upon the information available to me through my client. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.


Dated: 5-9-22                                      By:    /s/ *Tiffany Peters*
                                                                    Tiffany Peters, Esq.

Case ID: 220400005

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| NAIM ZIYAD CORBITT<br>Plaintiff<br><br>v.<br><br>ALVIN C. ERVIN II and CRETE CARRIER CORPORATION and ABC COMPANIES and JOHN DOES and/ or JANE DOES<br>Defendants | : APRIL TERM, 2022<br>:<br>: NO. 00005<br>:<br>: CIVIL ACTION – LAW<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## CERTIFICATE OF SERVICE

I certify that the foregoing **Answer with New Matter** in the within action was served upon the following via submission to the electronic filing system on the **9th** day of **May, 2022.**

David B. Sherman, Esquire
Lauren Sherman, Esquire
Solomon, Sherman & Gabay
8 Penn Center
1628 John F Kennedy Blvd, Suite 2200
Philadelphia, PA 19103

*Tiffany Peters*
Tiffany Peters, Esq.
**Marcello & Kivisto, LLC**

Case ID: 220400005